### No. 501
### GEORGE v. POWER CO.
Ohio Appeals, 7th Dist., Mahoning Co.
Oct. 24, 1924

297. CONTRACT—Where contract provides for rebate, if bills are paid on or before 10th of month, it is the duty of one desiring the rebate to see that the payment reaches the other party within the time fixed.

FARR, J.

Original action in the Common Pleas wherein L. L. George was plaintiff and the P. & O. Power & Light Co. was defendant.

George sought a mandatory injunction to compel the Power Co. to turn on the current for electric lights in George's office. By the rules of the Power Co., if bills were paid on or before the 10th of the month succeeding the month for which rendered, a rebate of 5 per cent was allowed.

A bill of $2.82 was rendered to George for October, 1922 which, if paid on or before November 10th, would amount to $2.68. George's stenographer testified that she made out a check for $2.68, dated Nov. 10th and mailed it to the Power Co. The clerk in charge of the books of the Power Co. testified that the check was received on Nov. 13th.

The contract between the parties provided that upon failure to comply with the terms or rules of the company, the service might be discontinued. In the Common Pleas, judgment was rendered for the Power Co. George appealed to the Court of Appeals which held:

The testimony of the stenographer on the one hand, and the clerk on the other, was undisputed. It cannot be well said here that the testimony discloses that this bill was paid within the time fixed by the Company. It was

(Continued on Page 334)

# STATE SUPREME COURT

## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of NEW CASES DOCKETED

Armentrout v. Fairbanks et ......19129, 19130
Baker v. Bashaw ....................19135
Barner v. Barner ....................19149
Cruit v. Pealer ......................19136
Fike v. Kirke et .....................19148
Fisone v. Youngstown (City) ..........19152
Givozdekow v. State .................19139
Hildebrand v. Globe Mach. Co. .......19131
Hughes v. Excels. Laund. Co..........19136
Indust. Com. v. Van Allen ............19144
Kieth et v. State ....................19141
Lentz v. Lentz .....................19145
Loyer v. Kessler ....................19143
N. O. Trac. & Lt. Co. v. Quaker Oats Co. 19137
Nye v. Elyria Sav. & Trust Co.........19133
Poulas et v. Toledo Labor Bldg. Co.....19132
Russo Admr. v. Penn. R. Co...........19134
Stanley v. State ....................19143
State ex v. Cap. City Rac. Assn........19140
State v. Douglas ...................19147
State ex v. Davies ..................19150
State ex v. Fairfield Co. (Com.).......19128
State v. Hunter ....................19151
State ex v. Tracey ..................19138

**MAY 11, 1925**

19129—Luther E. Armentrout v. L. M. Fairbanks and Edward F. Peters; motion to Hamilton Appeals to certify. Hunt, Bennett & Utter, Cincinnati, for pltf; Burch & Peters and W. B. Mente, Cincinnati, for defts.

19130—Luther E. Armentrout v. L. M. Fairbanks and Edward F. Peters; motion to Hamilton Appeals to certify. Hunt, Bennett & Utter, Cincinnati, for pltf; Burch & Peters and W. B. Mente, Cincinnati, for defts.

19131—Robert J. Hildebrant v. Globe Machine & Stamping Co; motion to Cuyahoga Appeals to certify. H. Frank Van Lill, Cleveland, for pltf; Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for deft.

19132—John Poulas et al v. Toledo Labor Bldg. Co.; motion to Lucas Appeals to certify. Johnson, Johnson & Farber, Toledo, for pltf; Hackett & Lynch, Toledo, for deft.

**MAY 12, 1925**

19133—Geo. L. Nye v. Elyria Savings & Trust Co; motion to Lorain Appeals to certify. H. C. Johnson, Elyria, for pltf; H. W. Ingersoll, J. W. Dilgren, Fauver & Cheney, Elyria, for deft.

19134—Calogero Russo, admr., v. Pennsylvania Co; motion to Cuyahoga Appeals to certify. James E. Mathews, Cleveland, for pltf; Squire, Sanders & Dempsey, Cleveland, for deft.

19135—Ella Baker v. O. W. Bashaw; motion to Cuyahoga Appeals to certify. James E. Mathews, Cleveland, for pltf; Squire, Sanders & Dempsey, Cleveland, for deft.

19136—Louis Hughes et al v. Excelsior Laundry Co; error to Montgomery Appeals. Wm. M. Pettit, Wm. G. Frizell, Dayton, for pltf; McConnaughey & Shea, Dayton, for deft.

19137—Northern Ohio Traction & Light Co. et al v. Quaker Oats Co. et al; motion to Summit Appeals to certify. Mather, Nesbitt & Wilkie, Akron, for the pltfs; Waters, Andress, Southworth, Wise & Maxon, Akron, for defts.

19138—State of Ohio ex rel Richard H. Shafer, d. b. a. Richard H. Shafer Co. v. Joseph T. Tracey, as Auditor; in Mandamus. Wm. J. Meyer, Portsmouth, for pltf; C. C. Crabbe, Atty Genl., Columbus, for deft.

19139—Kondrat Givozdekow v. State of Ohio. Motion to file pet. err. to Belmont Appeals. C. E. Timberlake and C. C. Sedgewick, Bellaire, for pltf; H. W. Mitchell, Pros. Atty., Bellaire, for deft.

19140—State of Ohio ex rel C. C. Crabbe, Atty Genl. v. Capitol City Racing Assn. Co; In Quo Warranto. C. C. Crabbe, Atty. Genl., H. H. Griswold and W. E. Benoy, Columbus, for pltf.

19141—Charles N. Keith, A. G. Lamborn et al v. State of Ohio, ex rel Mills, et al; error to Clark Appeals. Stewart L. Tatum, Springfield, for pltf; O. L. McKinney, Pros. Atty., A. C. Link and John M. Cole, Springfield, for defts.

19142—Edward Stanley v. State of Ohio; motion to Cuyahoga Appeals to certify. Jas. L. Lind, Cleveland, for pltf; Leo Weil, Cleveland, for deft.

**MAY 13, 1925**

19143—Albert E. Loyer v. Wm. A. Kessler; motion to Crawford Appeals to certify. E. J. Myers, Bucyrus; Smith, Baker, Effler & Eastman, Toledo, for pltf; C. A. Meck, Toledo, for deft.

19144—Industrial Commission v. Grace Van Allen; motion to Muskingum Appeals to certify. C. C. Crabbe, R. R. Zurmehly, Columbus, C. J. Crossland, Zanesville, for pltf; for deft., not given.

**MAY 14, 1925**

19145—Alta F. Lentz v. John J. Lentz; motion to Franklin Appeals to certify. C. M. Addison, Columbus, for pltf; B. W. Gearheart, H. A. Williams, Columbus, for deft.

**MAY 15, 1925**

19146—Virgil Cruit v. W. S. Pealer, admr., et al; motion to Franklin Appeals to certify. Vorys, Sater, Seymour & Pease, Columbus, for pltf; Jas. A. Allen, R. W. Walton, W. S. Peeler, Columbus, for deft.

19147—In re exceptions in the case of State of Ohio v. Alexander C. Douglas; motion for leave to file bill of exceptions to Jefferson Common Pleas. For the motion: R. N. Merriman, Steubenville, Pros. Atty., for deft; Warren W. Cowan, St. Clairsville, trial judge.

19148—Oregon Fike v. David A. Kirke et al; motion to Knox Appeals to certify. F. O. Levering, Mt. Vernon, for pltf; B. E. Sapp, W. G. Harris, Mt. Vernon, for deft.

19149—Rosamond S. Barner v. George T. Barner; motion to Lorain Appeals to certify. Harriett J. Willis, Cleveland, for pltf; Schwartz & Lustig, E. B. Haserodt, Cleveland, for deft.

19150—State of Ohio ex rel F. E. Cherrington, Pros. Atty., Gallia County, v. Alfred W.

## OHIO SUPREME COURT—Continued

Davies; quo warranto. F. E. Cherrington, Gallipolis, for pltf; R. M. Switzer, Gallipolis, for deft.

MAY 16, 1925

19151—State of Ohio v. Hunter Charles; motion to file pet. err. to Cuyahoga Appeals. E. C. Stanton, H. J. Williams, Cleveland, for pltf; Wm. A. Moran, Cleveland, for deft.

19152—Joe Fisone v. The City of Youngstown, Ohio; motion to Mahoning Appeals to certify. Thomas E. Antonelli, Youngstown, for pltf; Wm. E. Lewis, City Solicitor, Youngstown, for deft.

## PROCEEDINGS OF SUPREME COURT

### TUESDAY, MAY 26, 1925
### GENERAL DOCKET

18398. Carr v. Doan Savings & Loan Co.; error to Cuyahoga Appeals. Judgment modified. Marshall, C. J., Matthias, Day and Robinson, JJ. concur. Kinkade, J. not participating. Dock. 2-21-23, 1 Abs. 163.

18512—State ex rel Caroline Davidson v. Industrial Commission. In Mandamus. Demurrer to amended petition sustained. Jones, Matthias, Kinkade and Robinson, JJ., concur. Dock. 5-14-24.

18554—Eaton (Vil.) et al v. Public Utilities Comm; error to the Commission. Settled and dismissed. Dock. 5-4-24; 2 Abs. 339.

18650—Cleveland-Akron Bag Co. v. Earl E. Jaite, an infant; error to Summit Appeals. Judgment affirmed. Jones, Matthias, Day, Allen and Kinkade, JJ., concur. Dock. 6-12-24; 2 Abs. 420; OA. 2 Abs. 636.

18727—Youngstown (City) et al v. Kahn Brothers Co; error to Mahoning Appeals. Affirmed. Marshall, C. J., Jones, Matthias, Allen and Robinson, JJ., concur. Dock. 7-24-24; 2 Abs. 483; OA. 2 Abs. 536.

18750—Emelia H. Pritz v. Frank Messer; error to Hamilton Appeals. Affirmed. Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 8-11-24. 2 Abs. 498; Cin. Sup, 2 Abs. 525, 620; OS. Pend. 3 Abs. 165.

18831—Baltimore & Ohio R. Co. v. Tom F. Baillie et al; error to Cuyahoga Appeals. Affirmed. Marshall, C. J., Matthias, Allen and Robinson, JJ., concur. Jones, Day and Kinkade, JJ., dissent. Dock. 11-24-24; 2 Abs. 738; OS. Pend. 3 Abs. 107.

18846—Scioto Valley Ry. & Power Co. v. Effie Rutter, Admr.; error to Fairfield Appeals. Affirmed. Marshall, C. J., Matthias, Allen and Robinson, JJ., concur. Dock. 12-1-24; 2 Abs. 754; mo. cer. al. 3 Abs. 80.

18868—James C. Davis, Agent v. Atlas Assurance Co. et al; error to Cuyahoga Appeals. Reversed. Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 12-16-24; 3 Abs. 2; mo. cer. al. 3 Abs. 98; OS. Pend. 3 Abs. 20.

18916. State v. Cosmo Ferranto; error to Cuyahoga Appeals. Judgment reversed. Marshall C. J., Jones, Matthias, Allen and Kinkade, JJ. concur. Dock 1-16-25; 3 Abs. 50; OA. 3 Abs. 135; OS. Pending. 3 Abs. 187.

18925. State ex v. Gillen. In Quo Warranto. Petition dismissed. Matthias, Allen and Rob-

inson, JJ. concur. Jones, J. not participating. Dock 1-22-25, 3 Abs. 66.

19023—Cincinnati Traction Co. v. Public Util. Comm.; error to the Commission. Order reversed. Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ. concur. Dock. 3-18-25; 3 Abs. 198.

### MOTION DOCKET

18969—S. M. Ratcliffe v. Curtin E. Young; motion to Allen Appeals to certify. Overruled. Dock. 2-20-25; 3 Abs. 130; OA. 3 Abs. 26.

18975—Buckeye Churn Co. v. Roy E. Abbott; motion to Shelby Appeals to certify. (On rehearing). Allowed. Dock. 2-24-25; 3 Abs. 146; mo. cer. ov. 3 Abs. 233.

18978—L. W. Jones, Admr., v. H. M. Snyder, Admr; motion to Franklin Appeals to certify. Overruled. Dock. 2-24-25; 3 Abs. 146.

19028—Cleveland (City) et al v. Amedeo Ferrando, a minor, etc; motion to Cuyahoga Appeals to certify. Allowed. Dock. 3-18-25; 3 Abs. 198; OS. Pend. 3 Abs. 296.

19029—F. G. Wiley et al v. Fidelia Holsapple et al; motion to Darke Appeals to certify. Overruled. Dock. 3-19-25; 3 Abs. 198.

19034—Kinsman National Bank v. John Jerko; motion to Trumbull Appeals to certify. Overruled. Dock. 3-23-25; 3 Abs. 198; OA. 3 Abs. 198; Com. Pl. 3 Abs. 280, 300; OS. Pend. 3 Abs. 250.

19036—Scioto Valley R. P. & L. Co. v. Samuel E. Schwartz; motion to Franklin Appeals to certify. Overruled. Dock. 3-24-25; 3 Abs. 198; OA. 3 Abs. 156.

19046—O. W. Baker v. Mrs. Edward Sellman et al; motion to Darke Appeals to certify. Overruled. Dock. 3-28-25; 3 Abs. 214.

19048—Fidelity Casualty Co. of N. Y. v. Leroy Dorman et al; motion to Summit Appeals to certify. Overruled. Dock. 3-30-25; 3 Abs. 214; OA. 3 Abs. 262.

## Abstracts of Last Week's SUPREME COURT OPINIONS

### SYLLABI
### No. 502

No. 18650—The Cleveland-Akron Bag Co. v. Earle E. Jaite, an infant, etc. Error to the Court of Appeals of Summit County.

829—NEGLIGENCE—If proof of rests upon inference only, it must be rational under facts and circumstances testified to.

683. JURY—Inquiry of a juror of plaintiff to see injured hand, it having been exhibited and testified to, no cause for mistrial.

JONES, J.

1. If proof of a material fact necessary to establish negligence rests upon an inference only, the inference must be a rational one, such as could be reasonably arrived at from the facts and circumstances testified to.

2. The mere fact that a juror, while on her way to the jury box, asked to see the injured hand of a plaintiff, which had theretofore been exhibited to the jury and the character of the injuries thereto fully testified to, is not of itself cause for a mistrial.

Judgment affirmed.

Day, Allen and Kinkade, JJ., concur. Matthias, J., concurs in the judgment.

No. 18831—The Baltimore & Ohio Railroad Co. v. Tom Baillie, et al. Error to the Court of Appeals of Cuyahoga County.

**27. ACTION**—1. Under 11273 GC., maintenance of action in this state, not precluded against railroad company sued jointly and rightfully with another corporation; when injuries occurred and plaintiff resided in another state.

2. Syllabus of a decision must be taken with reference to facts upon which it is predicated.

MATTHIAS, J.

1. The provisions of Section 11273, General Code, do not preclude the maintenance of an action in a county of this state against a railroad company by a resident of another state for injuries to person or property though occurring elsewhere than in this state, where the injury complained of resulted from the joint negligence of such railroad company and another corporation which are joined as defendants in an action which is properly brought against the latter defendant in such county.

2. The syllabus of a decision of the supreme court of Ohio definitely states the law of Ohio with reference to the facts upon which it is predicated, and must be read in view of the facts found in such case.

Judgment affirmed.

Marshall, C. J., Allen and Robinson, JJ., concur. Jones, Day and Kinkade, JJ., dissent.

---

No. 503

No. 18750—Emelia H. Pritz v. Frank Messer et al. Error to the Court of Appeals of Hamilton County.

**928. POLICE POWER**—Laws enacted in exercise of, necessary for health, safety and morals of public, not a taking of property, though there is impairment of its full use.

**874. ORDINANCE**—Dividing municipality into zones for purpose of carrying out regulations in the interest of public health, safety and morals; and a method of administration is provided therefor, penalties being prescribed for violation of provisions; is a valid and constitutional enactment.

ALLEN, J.

1. Laws enacted in the proper exercise of the police power, which are reasonably necessary for the preservation of the public health, safety and morals, even though they result in the impairment of the full use of property by the owner thereof, do not constitute a taking of private property within the meaning of the constitutional requirements as to making compensation for the taking of property for public use and as to the deprivation of property without due process of law.

2. An ordinance enacted by a municipality under Article XVIII, Section 3 of the Ohio Constitution and under Section 4366-1 to 4366-12, General Code, dividing the whole territory of the municipality into districts according to a comprehensive plan which, in the interest of the public health, public safety and public morals, regulates the uses and the location of buildings and other structures and of premises to be used for trade, industry, residence or other specific uses, the height, bulk or location of buildings and other structures thereafter to be erected or altered, including the percentage of lot occupancy, set back building lines, and the area of yards, courts and other spaces, and for such purpose divides the city into zones or districts of such number, shape and area as are suited to carry out such pur-

poses, and provides a method of administration therefor and prescribes penalties for the violation of such provisions, is a valid and constitutional enactment.

Judgment affirmed.

Marshall, C. J., Day and Kinkade, JJ., concur. Jones, Matthias and Robinson, JJ., concur in the judgment.

---

No. 504

No. 18846—The Scioto Valley Ry. & Power Co. v. Effie Rutter, Admx. Error to the Court of Appeals of Fairfield county.

**225. CHARGE TO JURY**—If charge on contributory negligence was correctly given, additional instruction that if plaintiff's decedent shared or participated in any way with defendant in producing the injury, plaintiff cannot recover, is erroneous and prejudicial.

MARSHALL, C. J.

1. In a suit for damages, where the petition charges that injuries were caused by defendant's negligence and defendant's answer charges that the injuries were due solely to plaintiff's negligence, where the court correctly instructs on the subject of contributory negligence, and adds to such instruction:

"That is, if you should find the defendant guilty of some of the material acts of negligence charged in the petition and also find the plaintiff's decedent casually shared with the defendant or participated with the defendant in producing the injury complained of, the plaintiff cannot recover."

such instruction is erroneous and prejudicial.

2. The following instruction was also erroneous and prejudicial:

"The court instructs you and if you find from the evidence that the automobile which was being operated at the time by said Elmer Rutter was not struck by the car of the defendant The Scioto Valley Traction Company at said crossing, but that said automobile was so carelessly and negligently operated that it ran into and struck the side of said traction car, there can be no recovery by plaintiff and your verdict must be for the defendant."

3. Such an instruction would mislead the jury on both the issue of defendant's negligence and plaintiff's negligence and does not therefore conflict with the rule declared in Sites v. Haverstick, 23 Ohio St., 626.

Judgment affirmed.

Matthias, Allen and Robinson, JJ., concur.

---

No. 505

No. 19023—The Cincinnati Traction Company v. The Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

**973. PUBLIC UTILITIES**—For Commission to grant certificate of public convenience to bus line, along route which already has commuting services, it must appear that under present conditions the service is not adequate and convenient, and operation of new bus line would eliminate such deficiencies.

ALLEN, J.

1. Upon an error proceeding filed in this court to an order of the Public Utilities Commission, the Supreme Court will examine the record with a view to determining whether the findings of fact made by the Commission are reasonably supported by the evidence adduced at the hearing.

2. In order to authorize the Public Utilities Commission to grant a motor bus company a certificate of public convenience and necessity, authorizing the motor bus company to operate its line and to serve the public with local service along a route already served by two other motor bus lines, by an interurban railroad, and by two steam railroads, furnishing numerous trains and commuting service, it must appear as a reasonable conclusion from the evidence that such bus companies, the street railroad company and the steam railroads are not rendering adequate and convenient service and that the operation of the third motor bus line can eliminate such inadequacy and inconvenience.

Order of the Public Utilities Commission reversed.

Marshall, C. J., Jones, Matthias, Robinson and Kinkade, JJ., concur.

### No. 506

No. 18398—Carr v. Doan Savings & Loan Co. Error to the Court of Appeals of Cuyahoga County.

147. BILLS AND NOTES — 1. Interest computed from date of instrument when no other specification.

2. Withholding and having money in readiness to pay borrower in installments as building progresses, is valuable consideration and interest is due lender under terms of notes.

3. Interest must be computed on sums actually advanced and not on face of the notes.

ALLEN, J.

1. Where a written instrument is payable at a future day, with interest, and nothing is stated thereon as to the commencement of the interest period, the interest is computed from the date of the instrument.

2. When one contracts to loan money to another for use in building contracts, and sets aside the money in readiness to be paid the borrower in installments as the building progresses, the withholding of the money from use constitutes a valuable consideration, and the lender is entitled to interest according to the terms of the notes evidencing the contract.

3. As the lender is under no obligation, after the maturity of the notes, to pay the borrower, interest after the maturity of the notes must be calculated upon the money actually advanced to the borrower and not upon the amount embodied in the face of the notes.

Judgment modified.

Marshall, C. J., Matthias, Day and Robinson, JJ., concur. Kinkade, J., not participating.

### No. 507

No. 18868—James C. Davis, Agent and Director General of Railroads, v. Atlas Assurance Company, Ltd., et al. Error to the Court of Appeals of Cuyahoga county.

1235. VERDICT—Action to recover damages from railroad company for destruction of property by operation of said road, wherein evidence discloses act of agent of property owner to be proximate cause of fire; failure to direct verdict for company prejudicial error.

DAY, J.

In an action against a railroad company, under Section 8970, General Code, to recover damages for loss of property by fire, caused by operating the railroad, the record disclosing by an agreed statement of facts and all the evidence that the proximate cause of the agent of the property owner, it is the duty of the trial court upon motion to direct a verdict in favor of the railroad company. Failure so to do is prejudicial error, for which judgment against the railroad company will be reversed.

Judgment reversed.

Marshall, C. J., Jones, Allen, Kinkade and Robinson, JJ., concur. Matthias, J., concurs in the judgment.

### No. 508

No. 18727—City of Youngstown v. Kahn Brothers Building Co. Error to the Court of Appeals of Mahoning County.

874. ORDINANCE—Restricting building of apartment in small part of municipality where public health, safety and morals would not be endangered; constitutes taking of property without due process of law.

ALLEN, J.

A provision in an ordinance establishing a fraction only of the territory of a municipality into a district, and providing that no building which is intended to be used as a dwelling shall be erected within the district except as a single or two-family dwelling, in a case where the record shows that the district is a most healthful part of the municipality in which to erect an apartment house and that the public health, morals and safety of the district and of the entire municipality will not be impaired by the erection of such an apartment house, constitutes a taking of property without due process of law and a taking of private property for public use without compensation, and is invalid.

Judgment affirmed.

Marshall, C. J., Jones and Matthias, JJ., concur. Robinson, J., concurs in the judgment.

### No. 509

No. 18916—The State of Ohio v. Cosmo Ferranto. Error to the Court of Appeals of Cuyahoga County.

333. CRIMINAL LAW—1. Granting of permission to withdraw a plea of not guilty, and interpose one of guilty is within sound discretion of trial court.

2. Upon plea of guilty to first degree murder, court may, without intervention of jury, determine degree of crime, and if murder in the first degree may withhold or extend mercy.

DAY, J.

1. A plea of guilty in a capital offense should be accepted cautiously and the trial judge should fully advise the accused of his rights in the premises and be satisfied that he acts willingly, freely and deliberately after being so advised and with knowledge, appreciation and consequences of such plea of guilty.

2. The granting permission to withdraw a plea of not guilty and interpose a plea of guilty is a mater within the sound discretion of the trial court, and, if it appear that the accused has been properly advised of his rights, the action of the court in so receiving a plea of guilty will not be disturbed unless some abuse of discretion affirmatively appears.

3. Upon a plea of guilty to an indictment for murder in the first degree, the trial court has power, without the intervention of a jury, to determine, upon evidence the degree of the crime, and in the event the same be found

to be murder in the first degree to withhold or extend mercy. (Habig v. State, 106 Ohio St., 151, approved and followed.)

4. Where upon a trial for murder in the first degree all the evidence has been introduced, including that of the accused testifying in his own behalf, and after both sides have rested and the state has concluded its opening argument, the defendant upon advice of counsel and after having been cautioned and admonished as to his rights by the court, withdraws his plea of not guilty and enters a plea of guilty, it is not an abuse of discretion for the trial judge who heard all the evidence introduced in the case, in determining the degree of the crime the same day while the evidence was fresh in his mind, to find the defendant guilty of murder in the first degree with no extension of mercy, without hearing anew the evidence relating thereto, it not appearing that new evidence was tendered by the accused after he had entered a plea of guilty.

Judgment of the court of appeals reversed and that of the comon pleas affirmed.

Marshall, C. J., Jones, Matthias, Allen and Kinkade, JJ., concur.

### No. 510

No. 18925—State ex rel Gettles v. Gillen. In Quo Warranto.

**865. OFFICE AND OFFICERS**—Where mayor of municipality is elected to General Assembly, discharging duties of both offices, office of mayor not forfeited.

MARSHALL, C. J.

A mayor of a municipality who is elected to membership in the General Assembly, and qualifies and discharges the duties of such office, but nevertheless continues to serve as mayor and to discharge the duties of that office, does not by virtue of Section 4 of Article 2 of the Constitution forfeit the office of mayor. The ineligibility relates to membership in the General Assembly.

Petition dismissed.

Matthias, Allen and Robinson, JJ., concur. Jones, J., not participating.

### No. 511

No. 18512—The State, ex rel. Caroline Davidson v. Industrial Comission. In Mandamus.

**631. INDUSTRIAL COMMISSION**— Has no jurisdiction to re-hear application for compensation after appeal to first ruling has been taken to common pleas court and heard.

ROBINSON, J.

1. There is no duty specially enjoined by law on the Industrial Commission to rehear an application for compensation after an appeal, from its adverse ruling, to the court of common pleas has been prosecuted and heard.

2. The Industrial Commission has no jurisdiction over applications for compensation that have been appealed to the court of common pleas, while such appeal is pending, and no jurisdiction after judgment, except to carry the judgment into execution.

Demurrer sustained.

Jones, Matthias and Kinkade, JJ., concur.

### No. 512

KMIECIK v. KORYTA et

No. 19124. Supreme Court

On motion to certify. Docketed May 8, 1925; 3 Abs. 313.

**1235. VERDICT**—If error is made in opening statement to jury, does it stand as corrected when Court recommends and there is reading of petition to jury? Is directed verdict proper?

**211. CAUSE OF ACTION**—Can action for search be predicated on trespass when nothing is found thereby, whether or not it is in legal form?

Supreme Court, Cont'd. from pg. 328
the duty of George, if he wished to obtain the rebate, to see that the payment reached the Company within the time fixed by the contract. Judgment for defendant.

Attorneys—J. K. Harrison for George, Harrington, DeFord, Huxley & Smith for Power Co.

